Parker C. J.,
in giving the opinion of the Court, said, it is objected in arrest of judgment, that the indictment does not allege the note to be a bank bill. But we consider it to have been expressly decided, that the note of a bank is a promissory note, as much as the note of an individual.† , [1] It is also said, that there should have been an allegation that the bank was duly incorporated; but that was not necessary, as the indictment states a design to defraud an individual.[2]
In regard to the point, that neither the president nor cashier of the bank was a witness, but that persons, acquainted with their signatures from seeing many bank bills were admitted to *54 prove the forgery, it is said that this was not the best evidence of which the nature of the case admitted. These witnesses were admitted, because the government has no authority to compel the attendance of witnesses living out of the State ; and it is not to be expected that the officers of a bank will come here from courtesy and leave the business of the bank. Suppose the bank to be situated in one of the Western States, and it would be impossible to procure the testimony required. It may be said that this is the misfortune of the government; but when it is impossible for the government to obtain the best evidence, the Court must consider what is the next best within its power to produce. It has been the practice here to admit such evidence as was received in this case. With respect to the banks in this State, the objection of want of power to compel the attendance of their officers did not apply ; but it was found inconvenient to require it in all cases, and the legislature authorized this same kind of evidence to be used, when the bank should be more than forty miles distant from the place of trial; thus recognising the law which the Court had adopted in relation to banks out of the State.[3]

Motion in arrest of judgment overruled.

 See Brown v. Commonwealth, 8 Mass. R. 64. Reporter.

 See 3 Chitty’s Crim. Law, (2d ed.) 947, 948, 1048,1049

 Arnold, v. Cast, 3 Gill & Johns. 219; Rex v. Crooke, Str. 901. But Spangler v. Commonwealth, 3 Binn. 533, semb, contra.

 State v. Carr, 5 N. Hamp. R. 373 ; United States v. Holtsclaw, 2 Hayw. 379; Furber v. Hilliard, 2 N. Hamp. R. 480 ; The State v. Ravelin, 1 Chipman’s R. 295; Johnson v. Davern, 19 Johns. R. 134; Tharpe v. Gisburne, 2 Car. & Payne, 21; Duncan v. Beard, 2 Nott & M'Cord, 400; Bank Prosecutions, Russ. & Ry. 378; Martin v. Commonwealth, 2 Leigh, 745; 3 Chitty’s Crim. Law, (2d. ed.) 1044; Commonwealth v. Smith, 6 Serg. & Rawle, 568; State v. Allen, 1 Ruffin’s R. 6; Greaves v. Hunter, 2 Car. &. Payne, 477. But see State v. Petty, 1 Harper’s (S. C.) R. 61, semb. contra.